**In re UNITED FOOD COMPANIES, INC., Debtor.**

**Stephen H. JUDSON, Trustee, Plaintiff,**

v.

**Gabor KOVACS, Defendant.**

**Bankruptcy No. 83–00558–BKC–TCB.**
**Adv. No. 83–0584–BKC–TCB–A.**

United States Bankruptcy Court,
S.D. Florida.

Aug. 17, 1983.

Stephen Judson, trustee.

Michael Schiffrin, Miami, Fla., for Behrens.

Philip T. Weinstein, Miami, Fla., for defendant.

Steven A. Schultz, Miami, Fla., for debtor.

MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

The trustee seeks recovery under 11 U.S.C. § 547 of $25,000 from the transferee

of an alleged preferential transfer. Defendant has answered. The matter was tried on August 11.

■ Defendant has, in an appropriate and timely manner, questioned this court's jurisdiction. Jurisdiction is based upon the provisions of the Emergency Rule prepared by the Judicial Conference and adopted by the District Court at the direction of the Circuit Council of the Eleventh Circuit. Defendant concedes that this court has jurisdiction both over his person and the subject matter if the Emergency Rule is valid. He questions the validity and effect of that Rule. I am bound by the rulings of the Eleventh Circuit. *Dills v. City of Marietta, Ga.,* 11 Cir.1982, 674 F.2d 1377, 1380. I consider that I am precluded from questioning the validity of this Rule, the adoption of which was directed by the Judges of the Eleventh Circuit through the Circuit Council. The objection to jurisdiction is overruled.

■ It is undisputed that $24,900 was paid on March 19, 1983, to defendant. This payment occurred ten days before the debtor filed a voluntary chapter 7 petition. It is, therefore, presumed that the debtor was then insolvent. § 547(f). If defendant was a creditor of the debtor, it is conceded that the payment enabled him to receive more than he would receive in the liquidation of this estate.

It is the defendant's position that he loaned Andres Behrens $25,200 on July 15, 1982, as a personal loan and that the $24,900 paid to him on March 19, 1983, was in repayment of that personal loan and, therefore, the transfer of March 19 was not a:

"transfer of property *of the debtor* (1) to or for the benefit *of a creditor;* (2) for or on account of an antecedent debt *owed by the debtor* before such transfer was made".

If defendant is right, the trustee must fail because he has the burden of proving the foregoing elements.

I find that $24,900 was delivered on Saturday, March 19, 1983, by Behrens to defendant's wife in Miami at defendant's request. The cash was money that the president of the corporation had collected upon the debtor's accounts receivable in Jamaica and had brought back to this country within three weeks before the transfer. Behrens was then the vice president of the debtor corporation and the chief financial officer of the company. The cash was turned over to him in that capacity and was held by him in a strong box in the office. He and the president had agreed that the money would be paid to defendant as a partial payment toward the total indebtedness owed defendant by the debtor.

During the first half of 1982, defendant became a partner or joint venturer with the debtor corporation in an effort to sell American beef in Venezuela. Defendant invested a total of some $900,000 in this venture, which was unsuccessful. Defendant has been repaid a total of about $800,000 upon this obligation, including the sum in question here.

On July 15, 1982, $25,200 of defendant's money was delivered to the president of the debtor corporation in the form of a check signed by a business associate of the defendant. Although defendant intended that money to be loaned individually to Behrens, I find that the money was in fact applied directly to payment of an ocean freight bill for a meat shipment to Venezuela owed by the debtor. From the evidence before me, it would appear clear that Behrens is jointly and severally liable to the defendant for repayment of that particular advance, which he has termed to be a "debt of honor" on his part. The defendant and Behrens' father both live in Caracas and have been close friends for 20 years.

It is defendant's position that the payment to him was on account of the advance he intended to make solely to Behrens on July 15, 1982. I disagree. Florida law is controlling on this point. As a general rule, a person making a voluntary payment may direct the application of that payment among various obligations he owes to the creditor. 39 *Fla.Jur.2d,* Payment and Tender, § 22. Behrens was dealing with the debtor's money in his fiduciary capacity

as chief financial officer of the corporation. Defendant was well aware of Behrens corporate capacity. I will presume that Behrens directed application of this money to the total corporate debt rather than to the specific debt which he had also guaranteed. Defendant was then a joint venturer with the debtor. Each individual was and is estopped to now contend that the payment was directed to be applied solely to that specific part of the debtor's obligation which was guaranteed by Behrens.

I find and conclude, therefore, that the property transferred was that of the debtor, to or for the benefit of a creditor, and for or on account of an antecedent debt owed by the debtor before the transfer was made.

It follows that the trustee has carried his burden of establishing each of the elements specified in § 547(b). As is required by B.R. 9021(a), a separate judgment will be entered in favor of the trustee and against the defendant in the amount of $24,900. Costs may be taxed on motion filed within ten days.